MAY TERM, 1881, No. 114.　　　　　　　　　　MAY 30TH, 1881.

## Weaver *versus* Frantz.

1. Where the consideration of a promissory note was the right to use and vend a patented invention, and the note had not on its face the words, " given for a patent-right," required by the act of April 12th, 1872, and the indorsee took it' knowing that it was given for a patented invention, he is not a *bona fide* holder,. and the note in his hands is subject to any defences that exist against the payee.

2. *Semble* that upon the principle that a court of justice will not lend its aid to any one whose claim originated in the commission of a criminal act to which he was voluntarily a party, the note, in the hands of an indorsee having such. knowledge at the time he bought it, is void.

3. It is competent for the maker of the note to introduce testimony bearing. upon both these grounds of defence.

4. Hunter *v.* Hemminger, 37 Leg. In., 412, followed.

ERROR to the Court of Common Pleas of *Lycoming County*.

Assumpsit by L. M. Weaver against Daniel G. Frantz, upon a promissory note of which the defendant was the maker, and the plaintiff the indorsee.

Upon the trial of the case the plaintiff offered in evidence the note, which was in the following form :

" $240　　　　　　　　　　July 26th, PA., HUGHESVILLE, 1877.

" Six months after date, for value received, I promise to pay to the order of H. W. Hogue & Co., two hundred and

forty dollars at Hotchkiss & Barber's office, without defalcation, and without relief from any stay, appraisement, or exemption laws, with interest after date.

" DANIEL G. FRANTZ."

It was indorsed " H. W. Hogue & Co."

The plaintiff then rested.

Payment of the note was resisted by the defendant upon the grounds :

*First*, That the note had been given for the right to use and vend a patented invention, that the words " Given for a patent right," were not written or printed across its face as required by the act of April 12th, 1872 ; that the plaintiff knew when he purchased the note, that it had been given for the right to use and vend a patented invention, and that the note being taken in violation of a penal statute, was void in the hands of the plaintiff.

*Second*, That under these circumstances the negotiable character of the note was thereby destroyed, and it was subject to the same defences in the hands of the plaintiff as in the hands of the original holder, and that the plaintiff was not a *bona fide* holder.

*Third*, Failure of consideration.

Counsel for the defendant put the defendant upon the stand, and offered to prove by him and other witnesses " that the note upon which suit is brought was given for certain patented inventions, known as perfect grass- and grain-seed cleaners and separators, and for the right to use and vend the same in the townships of Muncy Creek and Penn in the County of Lycoming ; and also that these machines, at the time they were sold with the right to vend and use them in the townships aforesaid, and at the time the note in suit was given, the payees guaranteed the machines to be of good quality, and to do certain work, which they represented they would do, but which it turned out they would not perform, and that the said machines were perfectly worthless," to be followed by evidence that the plaintiff in this case, at the time the note was negotiated by him, knew that the note had been given in part for a patent-right, and for the right to use and vend patented machines, and also that he knew of the guarantee which the payee of the note had given to Mr. Frantz, guaranteeing these machines as before stated ; and that the note has not written across it, on the face of it, as required by the act of Assembly, the words " given for a patent-right."

Counsel for plaintiff objected :

[Weaver *v.* Frantz.]

*First,* Because this offer is not evidence until it is shown that the plaintiff is not a *bona fide* holder for value.

*Second,* Because the offer is not explicit enough in stating the character of the knowledge of the plaintiff of the fact set forth in the offer at the time he purchased the note in suit.

*Third,* Because it is not proposed to prove that at the time he purchased this note he knew the facts set forth in defendant's offer.

The objections were overruled and the evidence was admitted under exception, the defendant being required, however, to present it in the following order:

*First.* What was the consideration of the note?

*Second.* That the plaintiff knew what the consideration was?

*Third.* The merits of the defence, if there be any.

There was considerable conflicting testimony upon the point as to whether the plaintiff knew at the time he bought the note, that it was given for a patent-right.

The Court below, CUMMIN, P. J., charged the jury, *inter alia,* as follows:

" The defendants set up as a defence here, that this note was given in whole or in part for a patent-right, and for the right to sell and use a patent-right, and that this plaintiff, L. M. Weaver, knew at the time he took the note, that it had been given for a patent-right and for the right to use and vend a patent invention, or something that was claimed to be a patent invention.   And if they have made these facts out to you it becomes a perfect defence to the note, no matter whether these machines were good or bad. . . . . If any person takes a note knowing that that was the consideration of it, and not having those words on it, they shall be guilty of a misdemeanor.   If the party defendant in an action brought on such a note can show by clear and positive proof, that the person who took the note knew that it was given for a patent-right, in whole or in part, for the right to use or vend any patent invention or inventions, then it is void, because it is transferred and taken in fraud of this act of Assembly, and that is the defence set up in this case. . . . . The question is, did he (Weaver) know at that time, on the 8th of August or before that time, for if he knew it before, he also knew it on the 8th of August, that this note in suit, which he that day purchased, had been given in whole or in part for the right to make, use, or sell, any patent invention or inventions claimed to be patent ?   If he did, then he comes within the provisions of this act, and he takes the note in fraud of

this act, and the note is therefore void in his hands, just as it would be in the hands of the original owner, because it is taken in violation of the provisions of this statute. . . . . Therefore the proof to satisfy you of this must be clear and satisfactory before you would be justified in drawing the inference that the party taking the note had knowledge of that fact."

January 14th, 1881, verdict for the defendant, upon which judgment was entered.

Plaintiff took a writ of error, assigning as error, *inter alia,* the admission of the above testimony.

*H. T. Ames* and *H. C. McCormick* for plaintiff in error:

In a suit by the indorsee of a negotiable note against the maker, the presumption is that the plaintiff obtained it upon a valuable consideration, in the due course of business, before it was due: Hutchinson *v.* Boggs, 4 Casey, 294; Snyder *v.* Riley, 6 Barr, 168; Battles *v.* Loudenslager, 3 Norris, 446.

He may rest upon this presumption until the defendant makes out a *prima facie* case against him: Knight *v.* Pugh, 4 W. & S., 445.

But mere evidence of want of consideration is not sufficient to put the holder upon proof of title : Brown *v.* Street, 6 W. & S., 222; Albrecht *v.* Strimpler, 7 Barr, 476; Phelan *v.* Moss, 17 P. F. Smith, 59.

In this case defendant did not offer to show that the note was obtained by fraud, duress, or *mala fides,* or that plaintiff knew at the time he bought the notes that the machines were worthless. The evidence was therefore improperly received ; it did not show such knowledge.

If it made no difference what the defence set up, whether the machines were good or bad, as the Judge charged, why permit him to prove the demerits of the machines ? Why throw into the jury-box a mass of irrelevant testimony: Canal Company *v.* Barnes, 7 Casey, 196; Railroad Company *v.* Decker, 1 Norris, 119; Shaeffer *v.* Kreitzer, 6 Binn., 430; Nash *v.* Gilkeson, 5 S. & R., 352; Unangst *v.* Kraemer, 8 W. & S., 391; Miller *v.* Miller, 4 Barr, 317.

*John J. Metzger* and *William W. Hart* for defendant in error :

If plaintiff knew, when he became the holder of the note, that it was given for a patented invention in violation of the act of Assembly, he was not a *bona fide* holder, and defendant could prove any defence that could have been offered against the original holder: Hunter *v.* Henninger, 37 Leg. In., 412.

There were two grounds of defence, and it would have

been manifest error to have withdrawn any of the evidence offered by defendant: Sheaffer *v.* Eakman, 56 Penna. State, 150.

The opinion of the Court was delivered October 3d, 1881, by STERRETT, J.:

The plaintiff having given in evidence, without objection, the defendant's note at six months from July 26th, 1877, indorsed by the payees, H. W. Hogue & Co., was *prima facie* entitled to a verdict for the amount of his claim. To meet the case thus presented, the defendant relied substantially on the following grounds of defence: 1st, That the consideration of the note was the right to use and vend a patented invention, and the words " given for a patent-right " were neither written nor printed on the face of the note, as required by the act of April 12th, 1872; that the plaintiff acquired the note with full knowledge of these facts, and in so doing violated that clause of the act which makes it a misdemeanor for any one to knowingly take, sell, or transfer any such note; and hence he had no right to recover. This defence is grounded solely on the penal clause of the statute, and the principle invoked is, that a court of justice will not lend its aid to any one whose claim originated in the commission of a criminal act to which he was voluntarily a party. 2d, That as against the payees of the note he had a good defence in this, that they guaranteed the patented machinery, for which the note was given, to be of good quality, and to do certain work, but, after a fair trial, it proved to be worthless, and consequently the consideration of the note failed; that plaintiff, having taken the note with knowledge of its consideration and the omission to comply with the requirement of the statute aforesaid, was not a *bona fide* holder; and hence the note in his hands was subject to the same defence that existed against the payees.

If the first ground of defence was sustained, the second of course became unnecessary, but the defendant had a right to introduce testimony bearing on each, and ask the Court to pass upon the questions of law arising therein.

The object of the act in requiring the words above quoted to " be prominently and legibly written or printed on the face of the note," was to give notice of its consideration, and, in connection therewith, make the note non-negotiable. With the latter purpose in view, it is declared that " such note or instrument in the hands of any purchaser or holder shall be subject to the same defence as in the hands of the original holder." The defendant contended that inasmuch as plaintiff took the note with actual notice of the consider-

[Weaver *v.* Frantz.]

ation, etc., he was at least in no better position than if he had been warned in the manner contemplated by the act; and hence the note thus in his hands was subject to the same defence that it would be in the hands of the payees. It cannot be doubted he had a right to present this defence for the consideration of the Court. If the case was afterwards submitted to the jury on the broader ground that the plaintiff had no right to recover at all, if in taking the note, he knowingly violated the penal clause of the statute, he has no reason to complain, because he did not except to the charge of the Court. We do not mean to intimate that an exception would have been of any avail. On the contrary, we think it would not. The charge of the learned judge is in full accord with the construction given to the act in Hunter *v.* Henninger, 37 Legal Intelligencer, 412, in which it is said: "The act of April 12th, 1872, was intended to destroy the negotiable character of notes given in whole or in part for the right to make, use, or vend any patent invention, in order that the makers thereof might have the right to defend as well when said notes were passed off to third parties as when in the hands of the original payees. In furtherance of this intent, the act requires the indorsement, 'given for a patent right,' to be marked across the face of the note. . . . Without this, of course the innocent purchaser for value would not be affected. Not so, however, as to one knowing the consideration of a note given for a patent-right, for such a one is by the act guilty of a misdemeanor if he receives this kind of paper without having the words above stated written upon its face. It follows that if the plaintiffs, through Dreman, received the note in suit, knowing it was given for the right to vend or use the patent grinders, they received it in fraud of the statute, and were for that reason not entitled to recover." This language is equally applicable to this case.

There was no dispute as to the consideration of the note, but there was some conflict of testimony as to whether the plaintiff, at the time he purchased it, knew it was given for a patent-right. That was a question of fact for the jury. It was fairly submitted to them under properly guarded instructions, and they found in favor of the defendant.

From what has been said in regard to the nature and character of the defence, it is evident there was no error in admitting the testimony complained of in the first assignment. The order of its presentation was properly controlled by the Court, and this was all the plaintiff could reasonably ask. The second and third assignments are not sustained.

[Horton *et al. v.* Hall.]

In connection with other evidence in the case, the testimony complained of was not improperly admitted.

Judgment affirmed.